UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALBERTO VIOLANTE,<br><br>　　　　　　　　　　Defendant. | Case No.:  08cr4406<br><br>**ORDER GRANTING MOTION TO STAY** |

Before the Court is Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant's motion challenges the legality of his conviction and seven-year sentence for violating 18 U.S.C. § 924(c)(1)(A)(ii). In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause definition of "violent felony", 18 U.S.C. § 924(e)(2)(B), within the Armed Career Criminal Act of 1984, was unconstitutionally vague. In Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), the Ninth Circuit held that the reasoning of Johnson applied to the residual clause definition of "crime of violence" in 18 U.S.C. § 16(b) so as to render it void for vagueness. Defendant argues that the reasoning of Johnson and Dimaya apply to the residual clause definition of "crime of violence" in § 924(c)(3)(B) and lead to

1

the conclusion that the latter statute is likewise unconstitutionally vague.

The Government moved to stay consideration of Defendant's § 2255 motion.

The Court heard oral argument on the motions on September 30, 2016. At the hearing, the Government advised that the day before the hearing, the United States Supreme Court had granted certiorari in Dimaya, and asked the Court to stay its consideration of this case pending the outcome of Dimaya in the Supreme Court. See Sessions v. Dimaya, No. 15-1498, 137 S. Ct. 31 (Sep. 29, 2016) (mem.). The Court disagreed and ruled from the bench that the stay motion was denied.

In reviewing the merits, the Court has since determined that staying this action pending the Supreme Court's decision in Dimaya is the more prudent course. A district court may, in the exercise of discretion, issue an order staying proceedings, including where doing so would promote judicial economy. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005); Yong v. I.N.S., 208 F.3d 1116, 1117-19 (9th Cir. 2000). Here, the residual clause of 18 U.S.C. § 16, the statute at issue in Dimaya, is identical to the residual clause of § 924(c)(3)(B), such that Dimaya effectively controls the outcome of Defendant's petition. A stay will allow the Court to rule on this case with the benefit of the Supreme Court's decision, and it will also give the parties the opportunity to submit supplemental briefs addressing the significance of the Supreme Court's decision to this action. The Court has considered the potential harm to Defendant, see Yong, 208 F.3d at 1120-21, and views it as minimal, since the Supreme Court is expected to issue its ruling by the end of June 2017. The Court also notes that in other § 2255 cases challenging the constitutionality of residual-clause convictions, the Ninth Circuit has suggested that a "district court may wish to stay proceedings pending" the outcome of potentially controlling cases. See, e.g., Simpson v. United States, 16-70442 & 16-71546 (9th Cir. June 1, 2016).

//

Accordingly, the Court hereby stays this case. The stay will lift automatically upon issuance of the Supreme Court's opinion in <u>Sessions v. Dimaya</u>, No. 15-1498. The parties may submit supplemental briefs regarding the effect of that opinion on this action within 14 days of its issuance.

IT IS SO ORDERED:

Dated: June 9, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court